# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| AIMEE GAUTHIER,<br><br>    Plaintiff,<br><br>vs.<br><br>WATERLOO COMMUNITY SCHOOL DISTRICT and KATHY KONIGSMARK,<br><br>    Defendants. | No. C05-2070<br><br>**ORDER** |

This matter comes before the court pursuant to Defendants' October 21, 2005 motion to dismiss (docket number 4). Specifically, defendants seek to dismiss Counts I and IV of plaintiff's complaint to the extent these counts allege violations of the Americans with Disabilities Act by individual defendant Kathy Konigsmark, as there is no individual liability for discrimination or retaliation under the ADA. Defendants also request dismissal of Count III of the complaint, which alleges intentional infliction of emotional distress against defendant Konigsmark, arguing that such a cause of action is preempted by the exclusive remedy provided by the Iowa Civil Rights Act ("ICRA"). Defendants request that plaintiff's claims at Counts I and IV for punitive damages against defendant Waterloo Community School District be dismissed because punitive damages cannot be recovered from a government entity or political subdivision under the ADA. Finally, defendants seek dismissal of plaintiff's claim for punitive damages as to both defendants at Counts II and IV because punitive damages cannot be recovered under the Iowa Civil Rights Act, and because defendant Waterloo Community School District is immune to claims for punitive damages under Iowa law.

Plaintiff does not object to the dismissal of the ADA claims against defendant Konigsmark. Plaintiff further consents to the dismissal of her claim for punitive damages under the ICRA, and consents to the dismissal of her claim for punitive damages under the ADA. Plaintiff resists defendants' motion to dismiss Count III (intentional infliction of emotional distress against defendant Konigsmark), arguing that her purpose in including that claim was to ensure an additional avenue of liability against Konigsmark in the event that the court would find her not liable under the ICRA.

"To the extent the ICRA provides a remedy for a particular discriminatory practice, its procedure is exclusive and the claimant asserting that practice must pursue the remedy it affords." Smidt v. Porter, 695 N.W.2d 9, 17 (Iowa 2005). "Preemption occurs unless the claims are 'separate and independent, and therefore incidental, causes of action.'" Id. (quoting Channon v. United Parcel Serv., Inc., 629 N.W.2d 835, 857 (Iowa 2001)). "If, under the facts of the case, success on the non-ICRA claims requires proof of discrimination, such claims are not separate and independent." Channon, 629 N.W.2d at 857 (citing Greenland v. Fairtron Corp., 500 N.W.2d 36, 38 (Iowa 1993)). "The test is whether, in light of the pleadings, discrimination is made an element of the non-ICRA claims." Id. (quotation marks omitted).

Under Iowa law, the tort of intentional infliction of emotional distress has four elements: (1) outrageous conduct by defendants; (2) intentional causing or reckless disregard of the probability of causing emotional distress by defendants; (3) plaintiff suffered severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendants' outrageous conduct. See Greenland, 500 N.W.2d at 38 n.3 (citing Vaughn v. Ag. Processing, Inc., 459 N.W.2d 627, 635-36 (Iowa 1990)).

In her complaint, plaintiff alleges that Konigsmark repeatedly made discriminatory statements to her regarding her visual impairment, Konigsmark harassed her on the basis of her visual impairment and Konigsmark's conduct was outrageous. That is, the alleged outrageous conduct is discrimination or harassment based on her disability because plaintiff

cannot establish that she suffered emotional distress without establishing the discrimination or harassment. Therefore, the cause of action for intentional infliction of emotional distress is preempted and the ICRA is the exclusive remedy for this type of discriminatory conduct. See Channon, 629 N.W.2d at 859; Greenland, 500 N.W.2d at 38. Plaintiff either has a remedy under the ICRA or no remedy at law. See Smidt, 695 N.W.2d at 17. Therefore, plaintiff's claim of intentional infliction of emotional distress (Count III) must be dismissed.

Upon the foregoing,

IT IS ORDERED

1. Defendants' motion to dismiss plaintiff's claim under the ADA (Count I) against defendant Konigsmark in her individual capacity is granted.

2. Defendants' motion to dismiss plaintiff's claim for intentional infliction of emotional distress (Count III) is granted.

3. Defendants' motion to dismiss plaintiffs' claims for punitive damages under Counts I, II, and IV is granted.

February 24, 2006.

JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT